I respectfully dissent.
My first concern is that the facts of this case do not warrant the application of the doctrine of strict liability. I am particularly concerned with the majority's decision as it relates to the narrow application of the defense of misuse, viz., that the misuse must directly relate to the defect in the product. It is my opinion that whenever a product's use cannot be reasonably foreseen by the manufacturer and that such use is a proximate cause of plaintiff's injuries, the case is not one of strict liability. In the instant case, Armco could not have foreseen that the joists would be negligently installed, and the defense of misuse should therefore be available.[1]
The case before us is basically one involving the negligence of various parties and multiple proximate causes.[2] There is no need to concern ourselves with the doctrine of strict liability in this case because the jury specifically found that Armco wasnegligent in fabricating the steel joists with defective welds and that such negligence was a proximate cause of the roof collapse.[3] However, the jury also found that Hahn (the contractor) was contributorily negligent and that such was also a proximate cause of the roof collapse.
The record does not disclose whether the trial judge (in setting aside the jury verdict) actually applied the doctrine of strict liability, and then erroneously concluded that contributory negligence was a defense thereto, or whether he simply applied the law of contributory negligence as it pertains to negligence actions generally.[4] In any event, the ruling was incorrect.
In my opinion, error crept into the case at a very early stage of the proceedings when Hahn was dismissed from the action as a defendant, joint tortfeasor.[5] Notwithstanding the dismissal, the issues of contributory negligence (of Hahn) and causation consumed by far the major portion of trial time. The subsequent jury instruction that declared "plaintiff Hahn" and "contractor Hahn" as one and the same entity, and that the negligence of "contractor Hahn" is the negligence of "plaintiff Hahn," is erroneous as a matter of fact and law. *Page 162 
My second major concern with the majority opinion is that it fails to recognize the aforementioned erroneous rulings. Hahn is a corporation and as such is a wholly separate entity from Fashion Place Associates, a limited partnership. Hahn is merely one of its general partners and is not the plaintiff here at all. Fashion Place Associates is the actual plaintiff, Hahn merely having brought the action for and on behalf of the limitedpartnership as one of its general partners.[6]
Fashion Place Associates, as owner, lawfully contracted with Hahn[7] and others for the erection of a structure that it was entitled to receive reasonably free from defects. The combined negligence of those responsible for design, fabrication of materials, and construction has occasioned a loss through no apparent fault attributable to the owner.[8] Fashion Place is therefore entitled to present its case against both Hahn and Armco covering its damage claims over and above the sums previously paid in compromise. Consequently, I would reverse and remand with instructions to reinstate Hahn as a party defendant and that the issues of liability and damage be tried against both Hahn and Armco, as joint tortfeasors.
[1] This is consistent with our present codification of the law which expressly limits strict liability claims against manufacturers. U.C.A., 1953, 78-15-1, et seq.
[2] As evidenced by the $825,000 compromise reached with all tortfeasors other than Hahn (the contractor) and the sole remaining defendant here, Armco.
[3] The jury also found liability on the theories of strict liability and implied warranty.
[4] Utah has since adopted the concept of comparative negligence by statute. See U.C.A., 1953, 78-27-37 to 43, effective May 13, 1973.
[5] The motion to dismiss as against Hahn was granted prior to trial over strenuous objections and without any determination of liability.
[6] Neither the statutes nor the rules of procedure authorize a partnership to bring an action in its own name.
[7] A partnership can properly contract with one of the partners. Prows v. Hawley, 72 Utah 444, 271 P. 31 (1928).
[8] The argument that Hahn's negligence is vicariously attributable to Fashion Place due to their relationship is without merit because of Hahn's status as an independent contractor. Dowsett v. Dowsett, 116 Utah 12, 207 P.2d 809
(1949). *Page 918